United States District Court
Southern District of Texas

**ENTERED**

March 16, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

JESSICA PICHARDO, §
§
      Plaintiff, §
§
VS. § CIVIL ACTION NO. 7:19-cv-00085
§
CENTENE COMPANY OF TEXAS, L.P., §
§
      Defendant. §

## OPINION AND ORDER

The Court now considers "Defendant's 12(b)(6) Motion to Dismiss,"[1] "Defendant's Motion for Ruling on Motion to Dismiss,"[2] "Plaintiff [sic] Unopposed Motion to Extend Time to File Plaintiff's Response to Defendant's 12(b)(6) Motion to Dismiss and Opposed Motion for Leave to File Plaintiff's Second Amended Original Complaint,"[3] "Defendant's Response to Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Original Complaint,"[4] and "Defendant's Reply to Plaintiff's Response to Defendant's 12(b)(6) Motion to Dismiss."[5] After considering the motion, record, and relevant authorities, the Court **GRANTS** Defendant's motion to dismiss in full and **DISMISSES WITH PREJUDICE** Plaintiff's claims. Additionally, the Court **DENIES** Plaintiff's motion for leave to file an amended complaint.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is an employment discrimination case. Plaintiff Jessica Pichardo was employed as a nurse service coordinator with Defendant Centene Company of Texas, L.P., from January 25,

---

[1] Dkt. No. 11.
[2] Dkt. No. 13.
[3] Dkt. No. 14.
[4] Dkt. No. 15.
[5] Dkt. No. 16.

2016, to December 29, 2017.[6] After reporting allegedly unwelcome touching and inappropriate conduct by her supervisor, who elected to resign after the conclusion of a human resources investigation, Plaintiff alleges she was subjected to discriminatory treatment on the basis of her gender, harassment, and a hostile work environment.[7] Plaintiff alleges she was belittled by senior management, denied a promotion for which she was qualified, and that Defendant permitted its supervisor to discriminate and retaliate against Plaintiff.[8] Plaintiff also claims "pregnancy discrimination" but does not allege that Plaintiff was ever pregnant.[9] Plaintiff filed a charge of discrimination with the Texas Workforce Commission Civil Rights Division on or about June 29, 2018,[10] and received a Notice of Right to Sue on or about March 21, 2019.[11]

Plaintiff filed her original petition in the 139th Judicial District for Hidalgo County, Texas, on February 20, 2019.[12] Plaintiff brought claims for gender discrimination, retaliation, disparate treatment, hostile work environment, constructive discharge, employer liability and negligence, and intentional infliction of emotional distress.[13] Defendant filed an answer in state court on March 18, 2019,[14] then removed to this Court on March 19, 2019.[15] Although Plaintiff originally disclaimed any federal cause of action in state court,[16] Plaintiff now asserts this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441 because Plaintiff has brought causes of action under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of

---

[6] Facts are taken from Plaintiff's First Amended Complaint. Dkt. No. 10 at 3, ¶ 7.
[7] Dkt. No. 10 at 3–4, ¶¶ 9–10.
[8] *Id.* at 4, ¶¶ 11–12.
[9] *Id.* at 6, ¶ 17.
[10] Dkt. No. 10-1.
[11] Dkt. No. 10-2.
[12] Dkt. No. 1 at 2, ¶ 3.
[13] Dkt. No. 1-1 at 9–17.
[14] Dkt. No. 1-1 at 30.
[15] Dkt. No. 1.
[16] Dkt. No. 1-1 at 6, ¶ 11.

1991.[17] Neither party contests jurisdiction. The Court finds that it has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1441 and will exercise supplementary jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

On May 20, 2019, the parties appeared for an initial pretrial and scheduling conference before this Court. The Court granted Plaintiff leave to file a first amended complaint.[18] Plaintiff filed her first amended complaint in compliance with the Court's deadline on May 31, 2019,[19] and Defendant moved to dismiss the first amended complaint on June 14, 2019.[20] In light of Plaintiff's failure to respond to Defendant's motion, Defendant filed a supplementary motion on October 7, 2019, requesting a favorable ruling on Defendant's motion to dismiss.[21] However, on October 16, 2019, Plaintiff filed the instant unopposed motion requesting an extension of time to file Plaintiff's response to Defendant's motion to dismiss.[22] Plaintiff also seeks leave to file a second amended complaint.[23]

## II. MOTION TO DISMISS

### a. Preliminary Issues

The Court first turns to Plaintiff's motion for extension of time to respond to Defendant's motion to dismiss. Plaintiff seeks "leave of Court pursuant to Rule 60 of the Federal Rules of Civil Procedure,"[24] but that Rule governs relief from a Court judgment or order.[25] Responses to motions are due on or before the 21st day after the motion is filed pursuant to Local Rule 7.4(A);

---

[17] Dkt. No. 10 at 2, ¶ 3.
[18] Minute Entry (May 20, 2019).
[19] Dkt. No. 10.
[20] Dkt. No. 11.
[21] Dkt. No. 13.
[22] Dkt. No. 14.
[23] *Id.* at 3–4.
[24] Dkt. No. 14 at 1, ¶ 1.
[25] *See* FED. R. CIV. P. 60.

such motions are not required by a "final judgment, order, or proceeding."[26] Therefore, Rule 60 is inapposite. Nevertheless, Plaintiff attached an affidavit of her counsel's "Paralegal / Docket Clerk" that explains the clerk's misunderstanding of this Court's Local Rules and subsequent mistaken failure to appropriately calendar deadlines.[27] As a result, the "calendaring error . . . was not discovered until October 7, 2019, when Defendant's counsel filed their Motion for Ruling."[28] Plaintiff then promptly moved for an extension of time on October 16 and filed her response to the motion to dismiss on October 23. The Court finds that the error was a venial mistake and that good cause exists for granting the extension of time. The Court **GRANTS** the unopposed extension of time to respond and will consider Plaintiff's response to the motion to dismiss and Defendant's reply. However, the Court reminds counsel that counsel is responsible for proper calendaring of all deadlines.

Before the Court can assess Defendant's motion to dismiss, the Court must first turn to Plaintiff's motion for leave to amend because such will determine the operative pleading underlying the motion to dismiss. After the 21-day deadline from service of a pleading for amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[29] The First Amended Complaint was filed on May 31, 2019.[30] Plaintiff's opposed request for leave to file her second amended complaint[31] was after the 21-day deadline and so requires the Court's leave. "Leave to amend is in no way automatic, but the district court must possess a substantial reason to deny a party's request for leave to amend."[32] In determining whether to allow leave to amend a pleading, courts examine whether

---

[26] FED. R. CIV. P. 60(b).
[27] Dkt. No. 14-1 at 8.
[28] *Id.*
[29] FED. R. CIV. P. 15(a).
[30] Dkt. No. 10.
[31] Dkt. No. 14 at 3, ¶ 7.
[32] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation omitted).

there is (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[33] As to the fifth factor, the Fifth Circuit has held that that courts "need not indulge in futile gestures. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted."[34] Absent such factors, the Court should freely grant the requested leave.[35] Nonetheless, the decision whether to grant leave to amend lies within the Court's sound discretion.[36] "At some point a court must decide that a plaintiff has had a fair opportunity to make his case; if, after that time, a cause of action has not been established," this Court will dismiss the suit.[37]

Analyzing whether to grant Plaintiff leave to file her second amended complaint[38] depends partly on the possible futility of amendment and whether Plaintiff has failed to cure deficiencies in her proposed second amended complaint. Plaintiff seeks leave to amend to "addres[s] the deficies [sic] of the Plaintiff's First Amended Complaint as detailed in Defendant's 12(b)(6) Motion to Dismiss,"[39] and submits that "Plaintiff's Second Amended Complaint should not be dismissed under Fed. R. Civ. Proc. 12(b)(6)."[40] Plaintiff's counsel is admonished that the Court has not granted leave to file the second amended complaint and that Defendant's motion to dismiss is addressed to the *first* amended complaint, which is the operative pleading. Nevertheless, in analyzing the motion to dismiss, the Court also considers

---

[33] *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir.) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)), *cert. denied*, 139 S. Ct. 274 (2018).
[34] *United States ex rel. Jackson v. Univ. of N. Tex.*, 673 F. App'x 384, 388 (5th Cir. 2016) (quoting *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968) (per curiam)).
[35] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[36] *Smith*, 393 F.3d at 595 (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).
[37] *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).
[38] Dkt. No. 14-2.
[39] Dkt. No. 14 at 3, ¶ 7.
[40] Dkt. No. 14-1 at 5, ¶ 6 (citations omitted).

Plaintiff's proposed second amended complaint in order to determine whether the second amended complaint states a claim for relief and whether amendment would be futile.[41]

### b. Legal Standard

Defendant has moved to dismiss Plaintiff's first amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[42] "To pass muster under Rule 12(b)(6), [a] complaint must have contained enough facts to state a claim to relief that is plausible on its face."[43] The Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff, but will not strain to find inferences favorable to the plaintiff.[44] A plaintiff need not plead detailed factual allegations, but must plead more than "'naked assertion[s] devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss.[45] The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[46] Courts first disregard any conclusory allegations as not entitled to the assumption of truth,[47] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[48] The standard is only "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."[49] In other words, a complaint must plead facts that "nudge" the claims "across the line from

---

[41] *See Levy v. City of El Paso*, 577 F. App'x 297, 298 (5th Cir. 2014) (citing *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999)) (affirming dismissal of complaint with prejudice where amendment would be futile).

[42] Dkt. No. 11 at 1.

[43] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016) (quotation omitted).

[44] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

[45] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[46] *Id.* at 678.

[47] *Id.* at 678–79.

[48] *Id.*

[49] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010))

conceivable to plausible."[50] The Court is limited to assessing only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice.[51]

As to any questions of state law, this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[52] Absent a decision by Texas's highest tribunal, the decisions by Texas Courts of Appeals control "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[53]

**c. Analysis**

Plaintiff brings claims for gender discrimination, retaliation, disparate treatment, and a hostile work environment in her first[54] and proposed second amended complaint.[55] However, the Court's review of Plaintiff's complaint reveals both a conflation of these claims and misapprehension of pleading requirements. Thus, the Court addresses them as follows.

*1. Count 1 – Hostile Work Environment*

The Court interprets Plaintiff's claims of hostile work environment to regard two different supervisors, Efrelle Red and Elizabeth Piña.[56] The Court will address each as follows.

*i. Efrelle Red*

By way of facts, Plaintiff alleges that she "was frequently subject to unwelcome touching, inappropriate staring and comments by supervisor, Efrelle Red."[57] Thus, Plaintiff claims she "was subject to discrimination arising from [her supervisor's] unwelcomed sexual

---

[50] *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).
[51] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[52] *Exxon Co. U.S.A. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989) (quotation omitted); *see also West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940); *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).
[53] *Exxon Co. U.S.A*, 889 F.2d at 675 (quoting *West*, 311 U.S. at 237).
[54] Dkt. No. 10 at 5–10, ¶¶ 16–31.
[55] Dkt. No. 14-2 at 6–11, ¶¶ 17–33.
[56] Dkt. No. 10 at 3–5, ¶¶ 9–14.
[57] Dkt. No. 10 at 3, ¶ 9.

comments, [sic] negative and discriminatory conduct."[58] This is primarily Plaintiff's basis for her gender discrimination, disparate treatment, and hostile work environment claims in count 1 with respect to Efrelle Red. Defendant moves to dismiss Plaintiff's claims because "Plaintiff has not plead any *facts* which would lead a reasonable person to feel compelled to resign."[59] Defendant further argues that Plaintiff's allegations cannot establish that she was constructively discharged from her employment and that, even if Plaintiff does allege sufficient facts, she failed to attempt resolution of her employment issues and her claims fail for that reason.[60]

To state a prima facie case for supervisor harassment and a hostile work environment, Plaintiff must plead: "(1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; and (4) that the harassment affected a term, condition, or privilege of employment."[61] Here, Plaintiff pleads that she was part of a protected class of sex[62] and that she was subject to unwelcome touching and inappropriate comments and staring.[63] However, Plaintiff does not specify the nature of the unwelcome touching, nor does she set out any of the comments she claims were inappropriate or the circumstances of the staring. Simply stated, Plaintiff fails to allege *facts* that support a claim that she was subjected to unwelcome sexual harassment.

Furthermore, Plaintiff fails to allege facts to satisfy the third and fourth element of Plaintiff's claim for hostile work environment.

> The critical issue in determining whether workplace activities constitute harassment based on sex is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the

---

[58] *Id.* at 4, ¶ 11.

[59] Dkt. No. 11 at 8, ¶ 20 (citing First Am. Compl., Dkt. No. 10 at 5–10, ¶¶ 16–31).

[60] Dkt. No. 11 at 9, ¶¶ 22–23.

[61] *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 479 (5th Cir. 2008) (quotation omitted); *see also EEOC v. Boh Bros. Constr. Co.*, 731 F.3d 444, 453 (5th Cir. 2013).

[62] Dkt. No. 10 at 6, ¶ 17; *see* 42 U.S.C. § 2000e-2(a). Ironically, the complaint later refers to Plaintiff as "he." Dkt. No. 10 at 10, ¶ 32.

[63] Dkt. No. 10 at 4, ¶ 11.

other sex are not exposed. Title VII is not a shield against harsh treatment at the
workplace; it protects only in instances of harshness disparately distributed.[64]

Plaintiff does not plead any facts in support of the disparate treatment element. She alleges that
"Plaintiff faced disparate treatment from Defendant, its agents, servants, and employees by
reason of disparate treatment of male and female employees, or by other similarly situated
persons," and that such treatment was "more likely than not based on discriminatory
motivation."[65] These allegations are "formulaic" and "threadbare" recitals that the United States
Supreme Court has held do not suffice to state a claim for relief under the Federal Rules of Civil
Procedure.[66] Plaintiff alleges no specific facts that enable the Court to make the inference that
Plaintiff's supervisor harassed her because of her sex and did not touch, comment upon, or stare
at male employees.

Additionally, the fourth element of the test requires severity. "For sexual harassment to
be actionable, it must be sufficiently severe or pervasive to alter the conditions of [the
victim's] employment and create an abusive working environment."[67] "If the conduct at issue
was not severe or pervasive, the employer cannot be held vicariously liable for the supervisor's
actions."[68] To allege sufficient severity, Plaintiff must allege that the conduct complained of was
objectively offensive to the degree that a reasonable person would find it hostile or abusive.[69]

To determine whether the victim's work environment was objectively offensive,
courts consider the totality of the circumstances, including (1) the frequency of
the discriminatory conduct; (2) its severity; (3) whether it is physically
threatening or humiliating, or merely an offensive utterance; and (4) whether it
interferes with an employee's work performance.[70]

---

[64] *Reine v. Honeywell Int'l Inc.*, 362 F. App'x 395, 397 (5th Cir. 2010) (internal quotation marks and citations
omitted).
[65] Dkt. No. 10 at 8, ¶ 24.
[66] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[67] *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (quotation omitted) (alteration in original).
[68] *Alzuraqi v. Grp. 1 Auto.*, 921 F. Supp. 2d 648, 658 (N.D. Tex. 2013) (citing *Wyatt v. Hunt Plywood Co.*, 297 F.3d
405, 409 (5th Cir.2002)).
[69] *EEOC v. WC&M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007).
[70] *Id.* (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

As already noted, Plaintiff does not provide additional details regarding the nature of the unwelcome touching, comments, or stares. Plaintiff does not allege the frequency of the conduct, its severity, whether it was physically threatening or humiliating, or whether it interfered with her work performance.[71] Thus, with respect to Plaintiff's supervisor Efrelle Red, Plaintiff fails to state a claim for hostile work environment.

> Plaintiff does not defend her first amended complaint. Instead, she asserts that:
>
> [t]he new complaint maintains the counts and allegations against the same defendants from the original complaint, but addresses the deficncies [sic] of the Plaintiff's First Amended Complaint as detailed in Defendant's 12(b)(6) Motion to Dismiss. If a complaint is vulnerable to dismissal for failure to state a claim upon which relief can be granted, a district court must permit a curative amendment, unless an amendment would be inequitable or futile . . . .[72]

Defendant, for its part, maintains that Plaintiff's proposed second amended complaint "does not plead any new facts that would affect the Court's analysis of Centene's Motion [to Dismiss]."[73] Plaintiff's second amended complaint makes identical allegations[74] and does not furnish additional facts.[75] As in the first amended complaint, the facts alleged in the proposed seconded amended complaint are insufficient to state a claim for hostile work environment with respect to Efrelle Red. Accordingly, Plaintiff's claims of hostile work environment with respect to Efrelle Red are **DISMISSED WITH PREJUDICE**.

### ii. Elizabeth Piña

---

[71] *See id.*
[72] Dkt. No. 14 at 3, ¶ 7.
[73] Dkt. No. 16 at 3, ¶ 4.
[74] Dkt. No. 14-2 at 9, ¶ 25.
[75] *See id.* at 3–5, ¶¶ 9–12.

Plaintiff alleges supervisor Elizabeth Piña replaced Efrelle Red when Efrelle Red "elected to terminate his employment" at the conclusion of the investigation into Plaintiff's sexual harassment complaint.[76] Plaintiff does not allege that Defendant failed to adequately address her complaint. Instead, after Efrelle Red's departure, Plaintiff alleges she was subject to belittlement, inequitable wages, "'terms and conditions,' as to complete her employment tasks," and denial for promotion.[77] These allegations are the primary basis for Plaintiff's gender discrimination, disparate treatment, and hostile work environment claims in count 1 with respect to Elizabeth Piña. Defendant argues that Plaintiff has not pled sufficient facts to state a claim.[78]

Plaintiff pleads that she is a member of a protected class of sex,[79] but again fails to specify the nature of the inequitable wages or "terms and conditions," or set out any of the circumstances of belittlement. Plaintiff does not elaborate on the reasons for her denial of promotion, or whether the promotion was ultimately awarded to a man. Simply stated, Plaintiff fails to allege *facts* that support a claim that she was subjected to a hostile work environment with respect to Elizabeth Peña. Furthermore, Plaintiff offers no more than conclusions[80] to allege that "members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed."[81] Plaintiff also does not set forth facts by which the Court can objectively ascertain whether Plaintiff was subjected to a hostile work environment, such as the frequency of the allegedly discriminatory conduct, its severity, whether she was physically threatened or humiliated, or whether the conduct interfered with her work

---

[76] Dkt. No. 10 at 3, ¶ 9.
[77] *Id.* at 3, ¶ 10.
[78] Dkt. No. 11 at 8, ¶ 20 (citing First Am. Compl., Dkt. No. 10 at 5–10, ¶¶ 16–31).
[79] Dkt. No. 10 at 6, ¶ 17; *see* 42 U.S.C. § 2000e-2(a).
[80] *See* Dkt. No. 10 at 8, ¶ 24.
[81] *Reine v. Honeywell Int'l Inc.*, 362 F. App'x 395, 397 (5th Cir. 2010) (quoting *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (1998)).

performance.[82] The Court finds that Plaintiff fails to state a claim for sexual harassment or hostile work environment at any point in her first amended complaint.

With respect to Plaintiff's claims against Elizabeth Peña, Plaintiff makes no attempt to defend her first amended complaint. Plaintiff instead asserts that her proposed second amended complaint alleges sufficient facts.[83] However, the Court finds that Plaintiff tenders no more than "naked assertion[s] devoid of further factual enhancement" in her second amended complaint.[84] Plaintiff's claims are substantively identical and offer no greater insight into the nature of the alleged sexual harassment and hostile work environment.[85] The Court cannot assess whether the conduct at issue was sexual harassment, whether it was discriminatory on the basis of sex, or whether the alleged harassment was objectively offensive.[86] The Court finds that Plaintiff's first and second amended complaint do not state a claim for hostile work environment against either of Plaintiff's supervisors. "This high standard for judging hostility is specifically intended to prevent Title VII from becoming a 'general civility code' for the workplace."[87] Accordingly, Plaintiff's claims for sexual harassment and hostile work environment are hereby **DISMISSED WITH PREJUDICE**.

---

[82] *See EEOC v. WC&M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007) (requiring courts to assess these factors of objective offense).
[83] Dkt. No. 14-1 at 3, ¶ 5.
[84] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quotation omitted).
[85] *See* Dkt. No. 14-2 at 4, ¶ 11.
[86] *See EEOC v. WC&M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007)
[87] *Reine . Honeywell Int'l Inc.*, 362 F. App'x 395, 397–98 (5th Cir. 2010) (quoting *Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998)).

### 2. Count 1 – Gender Discrimination

Plaintiff purports to bring a claim for "Gender Discrimination"[88] and "Disparate Treatment."[89] These claims are one and the same and are analyzed the same way.[90] Plaintiff alleges that she was "undermined for advancement within" Defendant's company, and was denied an opportunity to interview for a promotion.[91]

> To establish a *prima facie* case of sex discrimination under Title VII, [Plaintiff is] required to show: (1) she is a member of a protected class; (2) she was qualified for the position she sought; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably.[92]

Plaintiff pleads that she is a member of protected class of sex,[93] but alleges no *facts* beyond conclusions that enables the Court to make the inference that she was qualified for the promotion she sought.[94] Conclusory allegations are not entitled to the presumption of truth.[95] Accordingly, Plaintiff's claim fails because her complaint does not allege adequate facts to satisfy all necessary elements of a sex discrimination claim.

Additionally, the parties dispute whether Plaintiff was constructively discharged.[96] A constructive discharge can constitute an adverse employment action.[97] The Court uses six factors to assess whether a Plaintiff was constructively discharged:

---

[88] Dkt. No. 10 at 6, ¶ 17.
[89] *Id.* at 8, ¶ 24.
[90] *Compare Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000) (disparate treatment) *with Wittmer v. Phillips 66 Co.*, 304 F. Supp. 3d 627, 633 (S.D. Tex. 2018) (sex discrimination).
[91] *Id.* at 8–9, ¶ 10.
[92] *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).
[93] Dkt. No. 10 at 6, ¶ 17.
[94] *See* Dkt. No. 10 at 10 at 3–4, ¶ 10 ("After applying for advanced promotion, [sic] was denied the opportunity to interview for the position. Despite being qualified for said promotion, Plaintiff was told by [her supervisor], 'You are not right and are ineligible for the position.'"); Dkt. No. 14-2 at 4, ¶ 11 (same).
[95] *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).
[96] *Compare* Dkt. No. 10 at 8, ¶ 23 *with* Dkt. No. 11 at 8, ¶ 20.
[97] *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 480 (5th Cir. 2008).

(1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (6) offers of early retirement that would make the employee worse off whether the offer were accepted or not.[98]

"The test is objective. The question is . . . whether a reasonable employee in her situation would have felt so compelled [to resign]."[99] This is a high standard. "Discrimination alone, without aggravating factors, is insufficient for a claim of constructive discharge, as is a discriminatory failure to promote."[100] Plaintiff alleges "inequitable wages,"[101] but as this Court has already found, the allegation is conclusory and does not adequately plead a reduction in salary. Plaintiff also alleges that she was "subjected to 'terms and conditions,' as to complete her employment tasks, including continued belittlement from senior management personnel."[102] However, as this Court has already found, Plaintiff does not allege the nature or circumstances of the "terms and conditions" and belittlement and the Court cannot objectively assess whether Plaintiff was constructively discharged. The Fifth Circuit has held that even use of ethnic slurs, outright insults, and a threat do not constitute sufficient badgering, harassment, or humiliation to establish a constructive discharge.[103] Even if Plaintiff alleges harassment calculated to encourage her resignation, the harassment alleged does not rise to the level of a constructive discharge. Plaintiff's claim fails because she does not allege facts that enable the Court to make the inference that she suffered an adverse employment action imposed by her employer as opposed to simply resigning her position. Plaintiff fails to allege that she was subjected to an adverse employment action and her claim for gender discrimination fails for this reason.

---

[98] *Id.* (quotation omitted).
[99] *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 772 (5th Cir. 2001), *abrogated on other grounds by Wheat v. Fla. Parish Juvenile Justice Comm'n*, 811 F.3d 702 (5th Cir. 2016).
[100] *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001).
[101] Dkt. No. 10 at 3, ¶ 10.
[102] *Id.*
[103] *Cavalier v. Clearlake Rehab. Hosp., Inc.*, 306 F. App'x 104, 107 (5th Cir. 2009); *Ugalde v. W.A. McKenzie Asphalt Co.*, 990 F.2d 239, 242–43 (5th Cir. 1993).

Furthermore, Plaintiff does not allege that others similarly situated but outside the protected class were treated more favorably.[104] Plaintiff fails to allege that the behavior was because of "a specific discriminatory animus against [Plaintiff] because of her sex."[105] Therefore, the Court finds that Plaintiff's claim for gender discrimination fails for this additional independent reason.

Plaintiff's proposed second amended complaint offers no factual enhancement that would fill the gaps the Court identified above. Specifically, the second amended complaint offers no greater insight into the nature or circumstances of the alleged belittlement, inequitable wages, "terms and conditions," or denial for promotion.[106] The Court finds that neither complaint suffices to state a claim for gender discrimination. Accordingly, Plaintiff's claims for disparate treatment, sex discrimination, and gender discrimination are hereby **DISMISSED WITH PREJUDICE**.

### 3. Count 1 – Retaliation

Plaintiff brings a claim of retaliation under Title VII.[107] Plaintiff alleges that she reported sexual harassment and a hostile work environment created by her supervisor, who elected to resign at the conclusion of the investigation, and that Plaintiff was subsequently subjected to "'terms and conditions,' as to complete her employment tasks, including continued belittlement from senior management personnel."[108] Plaintiff alleges that she was constructively discharged because of her complaint that initiated the investigation.[109]

---

[104] *See* Dkt. No. 10 at 4, ¶ 10 (alleging only that "Plaintiff was treated less fairly than similarly situated employees"); Dkt. No. 14-2 at 4, ¶ 11 (same).
[105] *Reine v. Honeywell Int'l Inc.*, 362 F. App'x 395, 397 (5th Cir. 2010).
[106] *See* Dkt. No. 14-2 at 4, ¶ 11.
[107] Dkt. No. 10 at 6–7, ¶¶ 18–21.
[108] Dkt. No. 10 at 3, ¶ 10, 7, ¶ 20.
[109] *Id.* at 7, ¶ 21.

"To establish a *prima facie* case of retaliation, [Plaintiff] must show that: (1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the materially adverse action."[110] Making a complaint of unlawful sexual harassment constitutes a protected activity.[111] However, as detailed above, the Court finds that Plaintiff has failed to plead that Defendant took an adverse employment action against or constructively discharged her. Plaintiff simply has not pled adequate facts that enable the Court to objectively assess whether Plaintiff was subject to an adverse employment action. Accordingly, Plaintiff's claim cannot establish the second or third elements of Plaintiff's prima facie case of retaliation.

Plaintiff's proposed second amended complaint offers no further factual enhancement.[112] Again, Plaintiff's second amended complaint offers no further insight into the factual circumstances of the alleged discriminatory conduct. Therefore, the Court finds that Plaintiff has not alleged a prima facie retaliation claim. Plaintiff's claim for retaliation is hereby **DISMISSED WITH PREJUDICE**.

### 4. Count 2 – Claim for Constructive Discharge

Plaintiff brings a separate claim for "constructive discharge" in her first amended complaint.[113] Defendant argues that Plaintiff's claim for "constructive discharge" is not an independent cause of action and is not an independent basis for liability.[114] In response, Plaintiff argues that she has alleged adequate facts to state a claim, but makes no legal argument with citation to authority supporting recognition of a cause of action for "constructive discharge."[115]

---

[110] *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008).
[111] *See Marquez v. Voicestream Wireless Corp.*, 115 F. App'x 699, 703 (5th Cir. 2004).
[112] *See* Dkt. No. 14-2 at 8, ¶¶ 21–22.
[113] Dkt. No. 10 at 10, ¶¶ 32–32 [sic].
[114] Dkt. No. 11 at 3–4, ¶¶ 7–10.
[115] *See* Dkt. No. 14-1 at 3–6, ¶¶ 5–6.

The Court agrees with Defendant that "constructive discharge" is not an independent claim upon which relief can be granted. "A resignation is actionable under Title VII, allowing the plaintiff to seek compensatory damages for events after the resignation, only if the resignation qualifies as a *constructive discharge*."[116] "Constructive discharge" is thus an element of other recognized claims, such as a claim for sexual harassment[117] or retaliation[118] where the plaintiff resigns employment.[119] Whereas Plaintiff's allegations with respect to constructive discharge may inform her other claims for relief, constructive discharge is not itself an independent claim upon which relief can be granted. Plaintiff's allegations in her proposed second amended complaint cannot save her claim from legal nonrecognition.[120] To the extent Plaintiff pleads "constructive discharge" as an independent claim for relief, the claim is hereby **DISMISSED WITH PREJUDICE**.

### 5.  *Count 3 – Employer Liability and Negligence*

Plaintiff alleges that "CENTENE was negligent and violated the duty which they owed Plaintiff to exercise ordinary care. . . . Plaintiff therefore sues the Defendant for both negligence and gross negligence."[121] Defendant argues that there is no cause of action for negligent termination in Texas.[122] Plaintiff does not respond to the legal argument, instead asserting that

---

[116] *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001) (emphasis added).
[117] *See Gates v. City of Dall.*, No. CIV.A.3:96-CV-2198-D, 1998 WL 133004, at *4 (N.D. Tex. Mar. 18, 1998) ("Constructive discharge is not, of course, a cause of action separate from [plaintiff's] other sexual harassment claims.").
[118] *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 439 (5th Cir. 2005) ("Constructive discharge is the adverse employment action that is the basis for [plaintiff's] retaliation claim.").
[119] *Pa. State Police v. Suders*, 542 U.S. 129, 147 (2004) ("A hostile-environment constructive discharge claim entails . . . working conditions so intolerable that a reasonable person would have felt compelled to resign.").
[120] *See* Dkt. No. 14-2 at 11–14, ¶¶ 34–38.
[121] Dkt. No. 10 at 12–13, ¶¶ 35–36.
[122] Dkt. No. 11 at 4–5, ¶¶ 11–13.

"Plaintiff's Second Amended Complaint, as plead, pleads specific facts that are facially plausible in support of each element of her claims for relief."[123]

To the extent Plaintiff has abandoned any state law claims, Plaintiff makes no argument or citation to authority to urge recognition of a negligence cause of action under Title VII. In the absence of any argument, the Court will assume without deciding that Title VII preempts common law negligence claims as articulated by the Northern District of Texas.[124] The Court is under no duty to sift through Plaintiff's complaints to make allegations, claims, or legal arguments on her behalf.[125]

To the extent Plaintiff maintains state law claims, they are preempted by Texas state law. Texas has a "carefully guarded" employment at-will system.[126] The Supreme Court of Texas declared that an employer may discharge an employee for "bad reasons" or careless reasons and has refused to recognize a negligence cause of action in employment relationships.[127] An employer's power to fire an employee is "plenary."[128] Plaintiff's first and second amended complaint do not allege Plaintiff was not an "at-will" employee; on the contrary, both complaints allege that "each of these agents [supervisor, manager, etc.] of the Defendant had the authority to hire and fire other employees of the Defendant."[129] To the extent Plaintiff pleads employer "negligence" as an independent claim for relief under Title VII or state law, the claims are hereby **DISMISSED WITH PREJUDICE**.

---

[123] Dkt. No. 14-1 at 5–6, ¶ 6.

[124] *See Moyer v. Jos. A. Bank Clothiers, Inc.*, No. 3:11-CV-3076-L, 2013 WL 4434901, at *17 (N.D. Tex. Aug. 19, 2013) (discussing preemption of negligent hiring, negligent entrustment, negligent retention, and negligent training and supervision claims by Title VII).

[125] *See United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) ("Judges are not like pigs, hunting for truffles buried in briefs.").

[126] *Tex. Farm Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 609 (Tex. 2002) (citing *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000)).

[127] *Id.*

[128] *Figueroa v. West*, 902 S.W.2d 701, 706 (Tex. App.—El Paso 1995, no writ).

[129] Dkt. No. 10 at 11, ¶ 34(e); Dkt. No. 14-2, at 14–15, ¶ 39(e).

### 6. *Count 4 – Intentional Infliction of Emotional Distress*

Plaintiff sues for intentional infliction of emotional distress on the basis of Defendant's allegedly "extreme and outrageous conduct."[130] Defendant "refer[s] to five Texas Supreme Court cases and one Fifth Circuit case holding Plaintiff cannot bring an intentional infliction of emotional distress claim (Count 4) against an employer in these circumstances."[131] Plaintiff responds that her proposed second amended complaint pleads "specific facts that are facially plausible in support of each element of her claims for relief."[132] The Court does not have the benefit of Plaintiff's legal argument with regard to her intentional infliction of emotional distress claim.

The Court finds that Plaintiff cannot bring an intentional infliction of emotional distress claim by virtue of her first or second amended complaint. The Supreme Court of Texas has made clear that intentional infliction of emotional distress is a "gap-filler" tort that is "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress," and that "[i]f the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim."[133] In her first and second amended complaints, Plaintiff bases her intentional infliction of emotional distress claim on "the foregoing" allegations.[134] Plaintiff's response brief to Defendant's motion to dismiss makes unmistakably clear that she attempts to plead facts "in support of each element of her claims for relief *under* [*federal statutes*]."[135]

---

[130] Dkt. No. 10 at 13, ¶ 38.
[131] Dkt. No. 16 at 3, ¶ 3 (citing Mot. to Dismiss, Dkt. No. 11 at 5–7, ¶¶ 14–18).
[132] Dkt. No. 14-1 at 5–6, ¶ 6.
[133] *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447–48 (Tex. 2004)
[134] Dkt. No. 10 at 13, ¶ 38; Dkt. No. 14-2 at 17, ¶ 43.
[135] Dkt. No. 14-1 at 6, ¶ 6 (emphasis added).

Therefore, "the gravamen of the plaintiff's complaint is for sexual harassment, [and] the plaintiff must proceed solely under a statutory claim unless there are additional facts, unrelated to sexual harassment, to support an independent tort claim for intentional infliction of emotional distress."[136] Plaintiff makes no attempt to plead or argue unrelated facts that would support an independent claim for intentional infliction of emotional distress. Accordingly, Plaintiff's claim for intentional infliction of emotional distress is **DISMISSED WITH PREJUDICE**.

### III. CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's motion for leave to file a second amended complaint.[137] The Court finds (1) undue delay, (2) repeated failures to cure deficiencies, and (3) amendment would be futile. This case was filed in state court on February 20, 2019,[138] and removed on March 19, 2019.[139] At the initial pretrial and scheduling conference, this Court granted leave to amend,[140] and Plaintiff filed her amended complaint on May 31, 2019.[141] After Defendant moved to dismiss, Plaintiff sought leave to amend yet again.[142] The Court finds that Plaintiff has caused undue delay with repeated bites at the apple and, as elaborated above, the Court finds that amendment would be futile and that Plaintiff has repeatedly failed to cure deficiencies.

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss[143] in full and **DISMISSES WITH PREJUDICE** all of Plaintiff's claims. Defendant's motion for summary judgment[144] and Plaintiff's "Opposed Motion for Continuance and Request

---

[136] *Hoffmann-La Roche Inc.*, 144 S.W.3d at 441.
[137] Dkt. No. 14 at 3.
[138] Dkt. No. 1-1.
[139] Dkt. No. 1.
[140] *See* Minute Entry (May 20, 2019).
[141] Dkt. No. 11.
[142] *See* Dkt. No. 14 at 3, ¶ 17.
[143] Dkt. No. 11.
[144] Dkt. No. 17.

for Amended Rule 16 Scheduling Order"[145] are **DENIED** as moot. Each party is to bear its own costs. This case is terminated and the Clerk of the Court is instructed to close the case.

      IT IS SO ORDERED.

      DONE at McAllen, Texas, this 16th day of March 2020.

                                _____

                                     Micaela Alvarez
                               United States District Judge

---

[145] Dkt. No. 18.